UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELA BAIRD,**

                Plaintiff,

   v.

**TRI-COUNTY METROPOLITAN**
**TRANSPORTATION DISTRICT**
**OF OREGON,**

                Defendant.

No. 09-730-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff Angela Baird sued defendant Tri-County Metropolitan Transportation District of Oregon ("Tri-Met") for their alleged failure to take reasonable steps to prevent one of their employees from sexually assaulting Ms. Baird. On October 20, 2009, the case was set for a June 8, 2010, trial date.[1] In accordance with the Court's Trial Management Order (#11), the parties filed their respective witness in late April and early May. Ms. Baird listed Peggy Hanson, a former Tri-Met employee, as an adverse witness that she "may" call; Tri-Met did not list Ms. Hanson as a witness. (Pl.'s Witness List (#24) 5-6; Def.'s Witness List (#28).) Tri-Met's Trial Memorandum, filed with its witness list on May 5, 2010, noted that Ms. Hanson is a "former

---

[1] The trial's start date was later moved one day earlier, to June 7, 2010.

Director of Transporation Operations at TriMet," who "currently lives in Washington and is the general manager of Jefferson Transit in Port Townsend[, Washington]." (Trial Mem. (#27) 7.) The Pretrial Conference was held on May 24, 2010.

On May 28, 2010, three days after the Pretrial Conference, plaintiff filed Motions Regarding Hanson Testimony (#55). For the first time, plaintiff's counsel noted his inability to procure Ms. Hanson's presence at trial. The motions contained no explanation for making such a request after the Pretrial Conference and only eleven days before a trial date that had been set since October 2009. Through the motions, plaintiff's counsel sought to introduce Ms. Hanson's testimony through a discovery deposition, to subpoena Ms. Hanson pursuant to Federal Rule of Civil Procedure ("Rule") 45(c)(3)(C), or to introduce Ms. Hanson's testimony telephonically under Rule 43(a).

I denied plaintiff's motion with respect to introducing Ms. Hanson's deposition testimony primarily because the deposition was taken during discovery, when Ms. Hanson was a defendant in the case represented by Tri-Met's counsel. Because the Tri-Met did not treat the deposition as one seeking to preserve Ms. Hanson's testimony for trial, Tri-Met did not elicit testimony from Ms. Hanson. Therefore, allowing plaintiff to introduce Ms. Hanson's testimony without allowing Tri-Met to do the same would have prejudiced Tri-Met. Plaintiff further failed to make a showing of good cause or compelling circumstances, as Rules 43(a) and 45(c)(3)(C) both require.

Plaintiff now moves to continue the trial, arguing that Ms. Baird will be unable to make a prima facie case without Ms. Hanson's testimony and may be unrepresented by counsel if this case proceeds to trial on Monday. Despite my concerns about legitimate prejudice to Tri-Met, which it will suffer through no fault of its own, I GRANT Plaintiff's Motion for Continuance of

Trial Date (#61). The potential prejudice to Ms. Baird persuades me that a continuance will further the interests of justice in this case. I also recognize that Ms. Hanson's status as a former defendant in this case may have contributed to the confusion regarding whether she would be available for trial. I further note, however, that the inconvenience to the parties, witnesses, and the Court could have been avoided if the problem in securing Ms. Hanson's testimony had been identified earlier in the pretrial process.

    I will require Ms. Hanson to sit for a videotaped deposition to preserve her testimony for trial. The deposition is to be taken with 45 days of this order, and in compliance with the rulings at the Pretrial Conference (#54). The Court will contact the parties to schedule a new trial date.

    IT IS SO ORDERED.

    DATED this   4th   day of June, 2010.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Court